IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-25-KAC-DCP |
| | ) | |
| KENNETH BRIGGS, and | ) | |
| PAUL BRIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for report and recommendation on the Motion by Kenneth Briggs to Dismiss the Indictment [Doc. 84] and Codefendant Paul Briggs's Motion to Adopt the motion to dismiss [Doc. 95]. *See* 28 U.S.C. § 636(b). Defendants Kenneth Briggs and Paul Briggs are charged along with four named codefendants and unnamed others with conspiring to distribute fentanyl and methamphetamine from February 1, 2021, to February 23, 2023 (Count One) [Doc. 53 p. 1]. They are also charged with possession of and aiding and abetting others in the possession of four hundred grams or more fentanyl with intent to distribute (Count Two), possession of and aiding and abetting others in the possession of fifty grams or more of methamphetamine with intent to distribute (Count Three); possession of and aiding and abetting others in the possession of a firearm in furtherance of drug trafficking (Count Four), and being a felon in possession of a firearm (Counts Five and Six) [*Id*. at 2–4]. All four substantive offenses allegedly occurred on February 23, 2023 [*Id*.]. Defendant Kenneth Briggs asks the Court to dismiss all charges because the Government cannot prove his agreement to participate in the alleged conspiracy or his intent to possess or distribute any illegal substance [Doc. 84 pp. 1–2]. He asserts that the discovery provided by the Government shows only his presence at a

residence where law enforcement seized illegal drugs [*Id*. at 2]. Defendant Paul Briggs asks to adopt this motion because he is similarly situated [Doc. 95 p. 1].

For the reasons discussed below, the undersigned finds the Indictment properly charges a conspiracy to distribute controlled substances and whether the Government can prove its case beyond a reasonable doubt is a matter for the jury to determine at trial. The undersigned respectfully recommends that Defendant Paul Briggs be permitted to join in the motion to dismiss but that the motion to dismiss [Doc. 84] be denied.

## I.   BACKGROUND

In May 2019, law enforcement began investigating a drug trafficking organization ("DTO") led by Ricardo Briggs and from which it made multiple controlled purchases of heroin and/or fentanyl using a confidential source [Doc. 3-1 ¶¶8–9].[1] In 2020, the original DTO split into two groups due to internal disagreements, and law enforcement lost access to some members of the DTO [*Id*. at ¶10]. In late 2022 and early 2023, a confidential source purchased heroin, fentanyl, and methamphetamine from the faction of the original DTO that Ricardo Briggs continued to lead [*Id*. at ¶11; *see* Doc. 81-1[2] ¶¶8–19].

On February 23, 2023, officers executed a state search warrant at a residence on Willoughby Road in Knoxville, Tennessee, which is a two-bedroom house measuring approximately 816 square feet [Doc. 3-1 ¶13]. Officers apprehended Paul Briggs and Kenneth Briggs as they fled through a bedroom window of the residence [*Id*. at ¶14]. Executing officers

---

[1]   The background information summarized herein comes primarily from the affidavit of Federal Bureau of Investigation Task Force Officer John Sharp, which was presented in support of a Criminal Complaint on February 24, 2023 [Doc. 3-1].

[2]   The affidavit of Tennessee Bureau of Investigation Special Agent Nicholas Brown was presented in support of a search warrant for the person of Defendant Sylvester Neal and a residence at 1504 Willoughby Road, Knoxville, Tennessee [Doc. 81-1].

2

Case 3:23-cr-00025-KAC-DCP   Document 108   Filed 12/13/23   Page 2 of 11
PageID #: 432

seized a firearm, which appeared to have been discarded in a potted plant, and nine packages of suspected fentanyl from the bedroom from which Paul and Kenneth Briggs fled [*Id*.]. The firearm was located within arm's reach of Kenneth Briggs as he was spotted fleeing through the bedroom window behind Paul Briggs [*Id*.]. Officers also seized $3,935 from Kenneth Briggs's person [*Id*.].

Officers found Codefendants Ricardo Briggs, Eric Bradford, and Sylvester Neal in the adjacent bedroom and seized a large quantity of controlled substances (fentanyl, methamphetamine, and cocaine), a blender containing suspected fentanyl, two filtration masks, two "'kilo-sized' presses," a cutting agent, and drug packaging materials from the kitchen [*Id*. at ¶¶15–17, 21]. Law enforcement seized $16,863, including the currency from Kenneth Briggs, from the residence [*Id*. at ¶17(4)]. Officers interviewed Ricardo Briggs after his arrest, and he admitted to diluting concentrated fentanyl and to selling fentanyl [*Id*. at ¶22].

Defendants Kenneth Briggs and Paul Briggs first appeared on a Criminal Complaint on February 24, 2023 [Doc. 4, Minutes]. The Grand Jury returned an Indictment [Doc. 30] on February 28, 2023, and a Superseding Indictment [Doc. 53] on April 5, 2023, charging both Defendants with conspiracy to distribute controlled substances and committing or aiding and abetting other drug and firearms offenses, as set out above. On July 16, 2023, Defendant Kenneth Briggs timely moved to dismiss the charges, arguing the limited facts in the charges and in discovery do not show that he agreed or acted with intent to possess or distribute controlled substances [Doc. 84 pp. 1–2]. He moves for dismissal of all charges because the facts provided by the Government, even if proven, are not sufficient to establish his guilt of the charged

3

offenses [*Id*. at 2]. On August 25, 2023,³ Defendant Paul Briggs moved to adopt the motion to dismiss, arguing the arguments therein also apply to him [Doc. 95]. On September 1, 2023,⁴ the Government responded in opposition to the motion to dismiss [Doc. 99].

The parties appeared before the undersigned for a hearing on September 11, 2023. Assistant United States Attorneys Russ Swafford and Michael Deel appeared on behalf of the Government. Attorney Stephen G. McGrath represented Defendant Kenneth Briggs, and Attorney Russell T. Greene represented Defendant Paul Briggs. Both Defendants were also present.⁵ The Court heard the arguments presented by the parties and took the motions under advisement at the conclusion of the hearing.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" U.S.

---

³ At the motion hearing, Mr. Greene asked the Court to accept Defendant Paul Briggs's motion to adopt although filed nearly six weeks after the motion to dismiss. He explained that he filed a motion for bill of particulars early in the case and later decided to join in the motion to dismiss out of an abundance of caution. AUSA Swafford stated that the Government did not object to the untimely filing of the motion to adopt. The undersigned finds the delayed filing did not prejudice the Court or the other parties, due to other extensions granted in this case. Accordingly, the Court accepts the untimely motion to adopt. *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (requiring a party seeking to show good cause for an untimely filing to address both the reason for the delay and the potential prejudice to the court and other parties).

⁴ The Government requested [Docs. 90 & 96] and received [Docs. 92 & 98] extensions of its deadline to respond to pretrial motions. Thus, the Government's September 1, 2023 response was timely filed.

⁵ Defendants Ricardo Briggs and Sylvester Neal also appeared along with their counsel. The Court addressed scheduling matters with all parties and heard argument on Defendant Neal's motion to suppress [Doc. 81], which is addressed in a separate Report and Recommendation [Doc. 107]. The undersigned also heard argument on pending motions for bills of particulars [Docs. 71, 72, & 83] by Defendants Paul and Kenneth Briggs and a motion to sever [Doc. 85] by Defendant Kenneth Briggs. These nondispositive motions will be addressed in a separate memorandum and order.

Const. amend. V. "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. Defendants Kenneth Briggs and Paul Briggs ("Defendants") argue that the Superseding Indictment fails to give constitutionally sufficient notice of the charged offenses, and they ask the Court to dismiss the charges because the Government cannot prove their agreement to or participation in the alleged drug conspiracy.

For the reasons stated herein, the undersigned finds the Superseding Indictment provides sufficient notice of the charges and that determination of the sufficiency of the Government's evidence is a matter for the jury at trial. Accordingly, the undersigned **RECOMMENDS** that the motion to dismiss be denied.

### A. Sufficiency of Indictment

At the motion hearing, Defendants argued that the Superseding Indictment fails to notify them of their alleged agreement to engage in the conspiracy or their participation therein. An indictment shall include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)); *see also United States v. Howard,* 947 F.3d 936, 947 (6th Cir. 2020) (observing that the indictment must state all of the elements of the offense and sufficient facts to allow the accused to raise a double jeopardy defense to a subsequent charge for "the same crime based on the same facts" (internal quotation omitted)). The Court employs "'a common[-]sense construction'" to determine whether the

indictment gives the Defendants fair notice of the charges. *United States v. Maney,* 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Allen v. United States,* 867 F.2d 969, 971 (6th Cir. 1989)).

"'The elements of a drug conspiracy are (1) an agreement by two or more persons to violate the drug laws, (2) knowledge and intent to join in the conspiracy, and (3) participation in the conspiracy.'" *United States v. Frazier*, No. 3:17-cr-00130, 2023 WL 4930187, at *41 (M.D. Tenn. Aug. 2, 2023) (quoting *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006)); *see also United States v. Matthew*, 31 F.4th 436, 446 (6th Cir. 2022). A conspirator need only be part of the general agreement to the conspiracy, he or she need not participate in every part of the conspiracy. *Frazier*, 2023 WL 4930187, at *41. Moreover, the jury may infer the "'defendant's guilty knowledge and voluntary participation . . . from surrounding circumstances, . . . but participation requires more than 'mere association with conspirators.'" *Id.* (quoting *United States v. Brown*, 332 F.3d 363, 372–73 (6th Cir. 2003) (internal quotation omitted)). "To prove that a defendant aided and abetted in a drug transaction, the [government must show that the defendant] 'participated in the venture as something [] he wished to bring about and sought to make succeed.'" *Frazier*, 2023 WL 4930187, at *41 (quoting *United States v. Sadler*, 24 F.4th 515, 544 (6th Cir. 2022) (internal quotation omitted)) (second alteration in original).

Defendants do not challenge the sufficiency of the legal elements but, instead, assert that the Government fails to state sufficient facts to allow them to understand what they are alleged to have done. Specifically, they contend the Government provides no facts that they joined in a criminal agreement or what they did to participate in the conspiracy.[6]

---

6    Defendants make these same arguments in their motions for bills of particulars [Docs. 71, 72 (duplicate), & 83]. They ask the Court to order the Government to particularize their role in the charged drug conspiracy, the dates they are alleged to have entered and left the conspiracy, and any overt acts that they are alleged to have done in furtherance of the conspiracy [Doc. 71 p. 2; Doc. 83 p. 2]. At the motion hearing, counsel for Defendant Kenneth Briggs summarized his

"'To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *Maney*, 226 F.3d at 663 (quoting *United States v. Superior Growers Supply*, 982 F.2d 173, 177 (6th Cir. 1992)). An indictment need not allege, nor the government prove, an overt act in furtherance of a drug conspiracy. *United States v. Bibbs*, No. 3:19-CR-151-TAV-DCP, 2021 WL 2383326, at *5 (E.D. Tenn. June 10, 2021) (citing *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (holding that "an overt act need be neither charged nor proved") (internal quotation omitted)). Accordingly, facts showing Defendants' participation, *i.e.*, their overt acts, are not necessary for notice. Moreover, indictments provide sufficient notice when "they fix the end of the conspiracy and provide an approximate start date[.]" *United States v. Vassar*, 346 F. App'x 17, 19 (6th Cir. 2009); *see also United States v. Kincaid*, 631 F. App'x 276, 279–80 (6th Cir. 2015) (quoting *Vassar*). The date that a defendant allegedly joined the drug conspiracy is not essential to notice. *Bibbs*, 2021 WL 2383326, at *5 (citing *United States v. Roman*, 728 F.2d 846, 852 (7th Cir. 1984) (holding an indictment need not include the specific date on which the defendant allegedly joined a drug conspiracy)). Defendants' asserted missing factual allegations do not impugn the legal sufficiency of the Superseding Indictment.

Here, the Superseding Indictment states the elements of a conspiracy to possess and distribute illegal drugs, informs the Defendants of the essential facts of the charge, and permits

---

arguments in the motion to dismiss as "the allegations themselves don't allege facts, even if they were proven, that would show an agreement or an intent to be part of a conspiracy or participating in the conspiracy with regards to my client." The undersigned takes this argument as a challenge to the sufficiency of the factual allegations in the Superseding Indictment. Although the Defendants make these same arguments in their motions for bills of particulars, "a bill of particulars cannot save an invalid indictment." *Russell v. United States*, 369 U.S. 749, 769 (1962); *United States v. Sturman*, 951 F.2d 1466, 14799 (6th Cir. 1991). Here, the undersigned analyzes the constitutional sufficiency of the drug conspiracy charge as alleged and will address the need for a bill of particulars in a separate memorandum and order.

them to challenge future prosecutions for the same offense. *See Anderson*, 605 F.3d at 411. The undersigned finds that the Superseding Indictment is constitutionally sufficient.

## B. Sufficiency of the Evidence

Defendants argue that the Government lacks sufficient evidence to convict them of the charged offenses because the only evidence in the record or in discovery is their mere presence at a location where officers seized illegal drugs. They call for the dismissal of the charges, arguing that they should not have to face a trial and risk conviction in the absence of any evidence that they participated in the conspiracy. The Government responds that because the Grand Jury has found probable cause for the charges, a jury must determine the sufficiency of the evidence at trial.

Defendants correctly argue that the Government must prove more than their mere presence in a location where illegal drugs were discovered. It must prove that they "knew of the conspiracy and voluntarily joined it." *United States v. McFarlane*, No. 03-81083, 2006 WL 3694615, at *1 (E.D. Mich. Dec. 14, 2006) (adopting report and recommendation) (citing *United States v. Pearce*, 912 F.2d 159, 162 (6th Cir. 1990)). However, dismissal of the charges for insufficient proof is not a remedy available to Defendants pretrial. *Id*. at 2 (holding the "[d]efendants may not challenge the sufficiency of the evidence through a pre-trial motion to dismiss the indictment").

Federal Rule Criminal Procedure 12(b)(2) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The Court "may make preliminary findings of fact necessary to decide the questions of law presented by [pretrial] motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d 661, 664

(6th Cir. 1976). Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is only appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." *Id.* at 665. In other words, to address a pretrial motion to dismiss the indictment based upon the government's inability to prove the offense, the issue raised must be a question of law, and the relevant facts must be undisputed. *Id*.

The undisputed nature of the evidence is an important predicate to a court's determination of a motion to dismiss the indictment. If the evidence relating to the issue raised by the parties is disputed, the court runs the risk of treading upon the role of the grand jury:

> When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. The indictment is not evidence, as every petit jury in a criminal case is instructed. The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not in a preliminary proceeding.

*United States v. Short*, 671 F.2d 178, 183 (1982). It is well-settled that "'[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charges on the merits.'" *MacFarlane*, 2006 WL 3694615, at *2 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956) (footnote omitted)).

Because questions of fact are reserved for the jury, courts have held that a criminal defendant cannot challenge the sufficiency of the government's evidence before trial in a criminal case by bringing what is essentially a motion for summary judgment. *United States v. Mayberry*, No. 3:12–cr–72–5, 2012 WL 4343159, *2 (S.D. Ohio Sept. 21, 2012) (holding that

summary judgment is not an available remedy in a criminal case); *see also United States v. Sampson*, 898 F.3d 270, 279–80 (2d Cir. 2018) (collecting cases). "Motions for summary judgment allow judges to examine the evidence adduced by both sides before trial and award judgment if, based on the proffered evidence, no rational trier of fact could find for the non-moving party." *Sampson*, 898 F.3d at 280; *see* Fed. R. Civ. P. 56(a). Although the motion for summary judgment existed in civil actions before enactment of the Federal Rules of Criminal Procedure, the drafters of the criminal rules did not provide a mechanism for summary judgment. *Sampson*, 898 F.3d at 280. Defendants' motion to dismiss the Superseding Indictment because the Government allegedly cannot prove its case is procedurally inappropriate.

In summary, the Court finds Defendants' motion to dismiss the charges must be denied because the sufficiency of disputed facts[7] is a matter for the jury's determination in the context of the trial.

## IV. CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the undersigned finds that the Superseding Indictment gives constitutional notice of the charges and that a jury must determine the sufficiency of the Government's evidence at trial. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge grant Defendant Paul

---

[7] At the motion hearing, counsel for Defendant Kenneth Briggs asserted that the Government did not deny his assertion that the discovery contains no mention of his client except for the events of February 23, 2023, the day of the execution of the search warrant. Whether or not the discovery contains disputed facts, it is clear from the parties' filings that they dispute the import of the events of February 23, 2023. In that sense, at least, the facts are disputed.

Briggs motion to join [Doc. 95] in the Motion by Defendant Kenneth Briggs to Dismiss the Indictment but deny the motion to dismiss [Doc. 84].[8]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).