IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-25-KAC-DCP |
| KENNETH BRIGGS, and | ) | |
| PAUL BRIGGS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on pretrial motions by Defendant Kenneth Briggs, requesting a bill of particulars [Doc. 83] and to be severed for a separate trial from all codefendants [Doc. 85], and Paul Briggs, also requesting a bill of particulars [Docs. 71 & 72 (duplicate)]. *See* 28 U.S.C. § 636(b). The Court heard oral argument on the motions on September 11, 2023. Assistant United States Attorneys Russ Swafford and Michael Deel appeared on behalf of the Government. Attorney Stephen G. McGrath represented Defendant Kenneth Briggs, and Attorney Russell T. Greene represented Defendant Paul Briggs. Both Defendants were also present. At the conclusion of the hearing, the Court took the motions under advisement.

For the reasons discussed in full below, the Court finds that the Indictment gives proper notice of the charges and additional particularization is not required. The Court also finds Defendant Kenneth Briggs should remain joined for trial with all codefendants. Accordingly, the Defendants' pretrial motions are **DENIED**.

**I.     BILL OF PARTICULARS [Docs. 71 & 83]**

Defendants Kenneth Briggs and Paul Briggs ("Defendants") are charged by Superseding Indictment, along with four named codefendants and unnamed others, with conspiring to

distribute fentanyl and methamphetamine from February 1, 2021, to February 23, 2023 (Count One) [Doc. 53 p. 1]. They are also charged with possession of and aiding and abetting others in the possession of four hundred grams or more fentanyl with intent to distribute (Count Two), possession of and aiding and abetting others in the possession of fifty grams or more of methamphetamine with intent to distribute (Count Three); possession of and aiding and abetting others in the possession of a firearm in furtherance of drug trafficking (Count Four), and being a felon in possession of a firearm (Counts Five and Six) [*Id*. at 2–4]. All four substantive offenses allegedly occurred on February 23, 2023 [*Id*.]. According to the affidavit filed in support of a Criminal Complaint,[1] Defendants were apprehended on February 23, 2023, as they were fleeing through the bedroom window of a residence when law enforcement arrived to execute a search warrant at that residence [Doc. 3-1 ¶¶13–14]. Law enforcement seized a firearm and nine packages of fentanyl from the bedroom from which Defendants fled and $3,935 in currency from Defendant Kenneth Briggs's person [*Id*. at ¶14].

Defendants move the Court to order the Government to provide a bill of particulars for each of them, specifying each Defendant's role in the alleged conspiracy, the date he entered and the date he left the alleged conspiracy, and any overt acts involving the Defendant that the Government intends to offer at trial [Doc. 71 p. 2; Doc. 83 p. 2]. In oral argument, counsel for both Defendants argued that the only evidence in the discovery linking them to the conspiracy is their presence at a residence at which officers seized controlled substances and a firearm. Thus, they maintain that a bill of particulars specifying the Defendants' individual roles in the conspiracy is necessary for them to prepare their defense for trial.

---

[1] Federal Bureau of Investigation Task Force Officer John Sharp presented an affidavit in support of a Criminal Complaint on February 24, 2023 [Doc. 3-1].

The Government opposes the motions, contends that the offenses are properly charged, and asserts it has laid out its theory of defense in the affidavit in support of the Criminal Complaint [Doc. 73 pp. 5–6; Doc. 99 pp. 6–7].

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Coss*, 677 F.3d 278, 287–88 (6th Cir. 2012) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (other quotation omitted). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly[.]" *Id.* at 288 (quoting *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Moreover, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (quoting *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)) (other quotation omitted). The undersigned reviewed the constitutional sufficiency of the charged conspiracy in its analysis of Defendants's motion to dismiss and found the Superseding Indictment provides constitutionally sufficient notice of the charges [Doc. 108 pp. 7–8].

Both Defendants rely on Federal Rule of Criminal Procedure 7(f), which states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not

3

Case 3:23-cr-00025-KAC-DCP    Document 109    Filed 12/21/23    Page 3 of 11    PageID #: 444

meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *see also United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (quoting cases that quote *Salisbury*). The granting of a bill of particulars is a matter within the court's discretion. *See Salisbury*, 983 F.2d at 1375 (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). Typically, "'a defendant is not entitled to a bill of particulars with respect to information which is available through other sources.'" *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (Shirley, MJ) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds by statute*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue)). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

     Here, Defendants seek particularization of their alleged roles in the conspiracy, including any overt acts undertaken in furtherance of the conspiracy and the dates they joined and left the conspiracy, which spans nearly thirteen months [*See* Doc. 53 p. 1]. With respect to a conspiracy charged under 21 U.S.C. § 846, "'an overt act need be neither charged nor proved[.]'" *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (quoting *United States v. Umentum*, 547 F.2d 987, 991 (7th Cir. 1976)); *see also United States v. Bibbs*, No. 3:19-CR-151-TAV-DCP, 2021 WL 2383326, at *5 (E.D. Tenn. June 10, 2021) (citing *Dempsey*, 733 F.2d at 396). Because the Government is not required to charge or prove an overt act in a drug conspiracy, courts have likewise found no need to particularize an indictment that fails to charge overt acts. *Musick*, 291 F. App'x at 724 (denying a bill of particulars when the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial"); *see*

4

*also Salisbury*, 983 F.2d at 1375 ("[A] defendant is not entitled to discover all the overt acts that might be proven at trial.").

Moreover, information in the record informs Defendants of the Government's theory of the case. In addition to the affidavit filed in support of the Criminal Complaint, Defendants have the benefit of the affidavit submitted in support of the search warrant for the residence where they were arrested [Doc. 81-1].[2] In oral argument, Defendants objected that these sources do not mention them, except for their presence at the residence where illegal drugs and a firearm were seized. The Government asserts, however, that this fact—Defendants' presence at the scene of the 850-square-foot residence along with a substantial amount of fentanyl in their near vicinity and evidence of the ongoing preparation of controlled substances for resale existing openly in the kitchen—is at the heart of its theory of Defendants' involvement in the conspiracy [Doc. 99 p. 7]. The Government also emphasizes the Defendants' flight upon seeing police and Defendant Kenneth Briggs's possession of nearly $4,000 in currency [*Id.*].

The Government's provision of its theory of the Defendants' liability for Count One "wholly undercuts any surprise argument" by Defendants. *United States v. Turner*, No. 22-cr-20354, 2023 WL 4030026, at *4 (E.D. Mich. June 15, 2023) (denying bill of particulars where indictment stated government's theory of liability as aiding and abetting and *Pinkerton* liability in a drug trafficking conspiracy); *see also United States v. Morales*, No. 3:21-CR-00022, 2023 WL 2818730, at *6 (M.D. Tenn. Apr. 6, 2023) (determining that further particularization of drug conspiracy not warranted where, in addition to discovery and the aid of a coordinating discovery attorney, defendants had access to three criminal complaints summarizing some of the government's evidence). The Court finds that additional particularization of the facts is not

---

[2] The affidavit of Tennessee Bureau of Investigation Special Agent Nicholas Brown was presented in support of a search warrant for the person of Defendant Sylvester Neal and a residence at 1504 Willoughby Road, Knoxville, Tennessee [Doc. 81-1].

5

required for Defendants to understand the charges or to prepare for trial. Thus, a bill of particulars is not warranted in this case. Defendants' motions for bills of particulars [**Docs. 71 & 83**] are **DENIED**.

## II.     SEVERANCE [Doc. 85]

Defendant Kenneth Briggs asks the Court to sever him for a separate trial from that of all codefendants pursuant to Federal Rule of Criminal Procedure 14 [Doc. 85 p. 1]. He asserts prejudice from a joint trial due to the paucity of evidence of his involvement in the conspiracy and his need to call codefendants as witnesses for his defense [*Id*. at 1–2]. Defendant maintains that his codefendants could provide "substantially exculpatory testimony" in a separate trial and that their testimony is critical to his defense and necessary to assure his right to a fair trial [*Id*. at 2]. At the motion hearing, defense counsel argued that severance is also necessary for Defendant Kenneth Briggs to have a "clean trial," free of "extraneous" evidence that relates only to the codefendants. The Government responds that Defendant fails to overcome the preference for joint trials or the high bar of demonstrating undue or compelling prejudice [Doc. 99 pp. 9–10].

Joint trials of defendants charged in the same indictment is the clear preference in federal court. *United States v. Powell*, No. 20-1782, 2021 WL 613416, at *2 (6th Cir. Jan. 4, 2021) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "The severance of a trial of defendants who were jointly indicted is an extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (quoting *Zafiro*, 506 U.S. at 539); *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (observing that "severance is not the norm"). Joint trials are favored because they are more efficient and reduce the risk of inconsistent verdicts. *Id*.

6

Rule 14 permits severance of properly joined defendants or counts if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864–65 (6th Cir. 1983). The party asserting prejudice bears a heavy burden. *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009). Severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). "In determining whether a defendant suffered prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Dale*, 429 F. App'x 576, 579 (6th Cir. 2011).

In light of the preference for joint trials, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *United States v. Serrano-Ramirez*, 811 F. App'x 327, 335 (6th Cir. 2020). Moreover, "juries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006) (internal quotation omitted); *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). To sever,

7

Case 3:23-cr-00025-KAC-DCP   Document 109   Filed 12/21/23   Page 7 of 11   PageID #: 448

the Court must find that the potential for juror confusion "outweigh[s] 'society's need for speedy and efficient trials.'" *Id.* (quoting *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985)).

Defendant argues that a single trial of all defendants would unfairly prejudice him due to his inability to compel the favorable testimony of his codefendants in a joint trial and the potential for jurors to be influenced by the evidence against his codefendants.

### A. Favorable Testimony of Codefendant

Defendant contends that given the absence of evidence connecting him to the conspiracy, the testimony of codefendants that he was not involved in the conspiracy is critical to his defense [Doc. 85 p. 2]. When a defendant's request for severance is based on the absence of a codefendant's testimony in a joint trial, the Court must employ a "stringent test": "The defendant 'must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed.'" *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980)).

In oral argument, defense counsel stated that Defendant "hop[ed] that they [(his codefendants)] could offer exculpatory evidence when testifying that he would not be involved in this conspiracy." The Court finds Defendant fails to demonstrate any of the *Causey* factors. Defendant fails to show he has no other way to present his defense to the jury, such as another witness who could testify about his reason for being in the residence. However, even assuming a bona fide need for the testimony, Defendant does not state the substance of the testimony, explain its exculpatory nature, nor even allege that another codefendant is willing to testify if the cases are severed. While a guarantee of the codefendant's testimony is not the standard, some showing of the codefendant's willingness to testify is required before the extraordinary remedy of severance is employed. *See United States v. Chasteen*, No. 3:20-CR-8-TAV-DCP, 2020 WL

8

5267935, at *3 (E.D. Tenn. Sept. 3, 2020) (Guyton, M.J.) (finding defendant met the fourth *Causey* factor when he provided an affidavit of counsel for the proposed witness/codefendant, stating that his client would testify at a separate trial following a severance); *United States v. Ledbetter*, 137 F. Supp. 3d 1042, 1063 (S.D. Ohio 2015) (holding defendant's bare assertion that a codefendant would testify favorably in a separate trial is not sufficient to meet the fourth *Causey* factor), *aff'd* 929 F.3d 338 (6th Cir. 2019).

To warrant severance to gain the exculpatory testimony of a codefendant, "a defendant is required . . . to demonstrate that the codefendant[] would in fact testify at a severed trial." *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996); *see also United States v. Goins*, No. 3:09–CR–73, 2009 WL 3713165, at *5 (E.D. Tenn. Nov. 3, 2009) (finding "that an assertion that a co-defendant could potentially be compelled to testify to certain information in a separate trial is not the same as a showing 'that the codefendant will in fact testify if the cases are severed,' as required by the four-pronged test" (citing *Causey*, 834 F.2d at 1287)). Here, Defendant makes no more than a bare assertion that an unnamed codefendant or codefendants would hopefully provide favorable testimony. Defendant's assertion that his codefendants could provide favorable testimony at a separate trial is speculative, and the potential unavailability of a codefendant's testimony is not a basis for severance in this case.

**B. Spillover Prejudice**

During oral argument, Defendant asserted that the "extraneous" evidence against his codefendants would prevent him from having a "clean trial." Defendant argues the jury could find him guilty by association given the greater evidence against his codefendants as compared to the minimal evidence against him.

The Court finds Defendant's argument regarding spillover prejudice to be unavailing. "[T]he possibility that a defendant may suffer some disadvantage from being tried with

9

individuals who are more culpable or who more frequently engaged in other criminal activity does not, standing alone, justify separate trials." *Ledbetter*, 137 F. Supp. 3d at 1055. "[A]s the Sixth Circuit has repeatedly explained, 'a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him.'" *United States v. Minion*, No. 22-20059, 2023 WL 5437989, at *5 (E.D. Mich. Aug. 23, 2023) (quoting *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (internal quotation omitted)); *United States v. Ferguson*, 2:16-CR-00103-JRG, 2018 WL 636708, at *2 (E.D. Tenn. Jan. 30, 2018) (observing that courts typically reject the argument that "the co-defendants had different levels of culpability than the defendant" as a basis for severance). Instead, as stated above, juries are presumed capable of separating the evidence relating to different defendants and counts. *Ledbetter*, 137 F. Supp. 3d at 1055 (citing *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995)).

Here, Defendant is charged with his codefendants in a drug trafficking conspiracy and in substantive drug and firearms charges. Defendant has not shown the jury will be unable to separate and distinguish evidence as to each defendant's role. *See Minion*, 2023 WL 5437989, *6 (holding "the relative seriousness of Minion's drug charge and the drug and firearms charges of some of his codefendants is not so vast that Minion would be prejudiced by 'spillover' evidence"). Accordingly, the Court finds the potential for spillover prejudice is not a basis for severance.

In summary, the Court finds that a joint trial of all codefendants would not deprive Defendant Kenneth Briggs of a specific trial right or compromise the reliability of the verdict.

### III.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Defendants' motions for bills of particulars [**Docs. 71 & 83**] are **DENIED**. Defendant Paul Briggs' second motion for a bill of particulars [**Doc. 72**] is a duplicate and is **DENIED as moot**; and

(2) The Motion by Defendant Kenneth Briggs to Sever [**Doc. 85**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge