UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:23-CR-25-KAC-DCP |
| ) | |
| KENNETH BRIGGS, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. *See* 28 U.S.C. § 636(b). This case is before the Court on Defendant Kenneth Briggs's Unopposed Motion to Continue Trial and All Other Deadlines [Doc. 119], filed on February 5, 2024.

Defendant requests the Court extend the trial date and all other deadlines. In support of his motion, he states that defense counsel "received an email on February 1, 2023,[1] stating that there is supplemental discovery in this case" [Doc. 119 p. 1]. As a result, defense counsel requires additional time to review the new discovery and discuss with Defendant [*Id.*]. Further, Defendant's motion states that defense counsel and counsel for the Government have been in plea negotiations but require additional time to discuss a potential agreement [*Id.*]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance.

On February 6, 2024, the Court ordered the remaining parties to file a position on Defendant Kenneth Briggs's motion to continue [Doc. 120]. Defendants Sylvester Neal, III [Doc. 122], Eric Bradford [Doc. 123], and Ricardo Briggs [Doc. 124] all filed Notices that they do not

---

[1] While Defendant's motion states defense counsel received an email on February 1, 2023, the Court believes this to by a typo and that defense counsel meant February 1, 2024 within context of this motion.

oppose the requested continuance. Defendant Paul Briggs filed a Response in Opposition [Doc. 121] on February 6, 2024.

The Court finds Defendant Kenneth Briggs's motion to continue well taken and that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act excludes the delay occasioned by a pretrial motion from the time it is filed through its prompt disposition. 18 U.S.C. § 3161(h)(1)(D). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Kenneth Briggs needs more time to review discovery with Defendant, engage in plea negotiations, discuss any offers with Defendant, and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the March 5, 2024 trial date.

Although Defendant Paul Briggs objects to a continuance, the Court finds that he as well as all other Codefendants are joined for trial with Defendant Kenneth Briggs. The Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). In the present case, no motion to sever has been filed, and the time for trial has not run as to any of the Defendants in this case. The Court further finds that the additional time needed for counsel for Defendant Kenneth Briggs to review with Defendant supplemental discovery is reasonable. *See United States v. Harris*, No. 15-cr-20089, 2015 WL 13873037, at *1 (E.D. Mich. Aug. 15, 2015) (citations omitted) ("[W]hen a court finds excludable

2

Case 3:23-cr-00025-KAC-DCP   Document 126   Filed 02/20/24   Page 2 of 4   PageID #: 496

delay pursuant to 18 U.S.C. § 3161(h)(7)(A) on the ground that the ends of justice would be served by granting a continuance to one defendant, the finding of excludable delay also applies to all co-defendants who have not been granted a severance."). The Court therefore concludes that the period of delay attributable to other Defendants is also attributable to Defendant Paul Briggs over his objection. *See* 18 U.S.C. § 3161(h)(6).

The Court therefore **GRANTS** Defendant Kenneth Briggs's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 119**]. The trial of this case is reset to **May 14, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on February 5, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kenneth Briggs's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 119**] is **GRANTED**;

(2) the trial of this case is reset to commence on **May 14, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 5, 2024**, and the new trial date of **May 14, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and for providing reciprocal discovery is reset to **April 12, 2024**;

(5) the parties shall appear before the undersigned for a final pretrial conference on **April 30, 2024, at 11:00 a.m.**;

(6) the deadline for filing motions *in limine* is **April 29, 2024**; and

3

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 3, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge